IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JEFFERSON COLEMAN (A51378), | ) | |
|---|---|---|
| Petitioner, | ) | Case No. 10 C 7607 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| RANDY DAVIS,[1] | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Following a 1987 jury trial in the Circuit Court of Cook County, Jefferson Coleman was convicted of armed robbery and residential burglary. He is serving concurrent terms of sixty and fifteen years of imprisonment. His *pro se* motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the revocation of good-time credits is before the court. For the following reasons, the petition is denied.

**I.     Background**

Coleman has repeatedly sought relief under § 2254. *See Coleman v. Page*, No. 94 C 7602 (N.D. Ill.) (Alesia, J.); *Coleman v. Evans*, No. 05 C 1288 (N.D. Ill.) (Gottschall, J.). His first petition was denied on the merits, while the second and third were dismissed without prejudice for lack of jurisdiction as he had not obtained permission to pursue a second or successive habeas petition from the Seventh Circuit. *See* 28 U.S.C. § 2244(b)(3).

In May of 2011, Coleman filed a petition for leave to file a second or successive habeas petition with the Seventh Circuit. The Seventh Circuit denied permission to pursue successive

---

[1] Coleman is incarcerated at the Pickneyville Correctional Center. The current warden is Donald Gaetz. Accordingly, Donald Gaetz is hereby substituted as the respondent. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004).

habeas claims based on Coleman's 1987 conviction and a 2007 state collateral attack on that conviction. However, it found that Coleman had not previously filed a federal collateral challenge attacking the Prison Review Board's decision to revoke good-time credits based on a state court finding that the 2007 case was frivolous. It thus concluded that Coleman did not need authorization to pursue § 2254 relief based on the Prison Review Board's decision. *Coleman v. Davis*, 11-2194 (7th Cir. Jun. 7, 2011) (unpublished order). Based on this order, the court reinstated Coleman's third petition as to the good-time credit issue and he filed an amended § 2254 petition. Dkt. 6 at 14-67.

With respect to the revocation of good-time credits, the relevant facts are as follows. On June 15, 2007, Coleman was served with an offender disciplinary report. The report asserted that an order issued by the Circuit Court of Cook County demonstrated that his 2007 state post-conviction petition (one of Coleman's many attempts to secure state post-conviction relief) was frivolous. Dkt. 19 at Ex. X. On June 26, 2007, the prison adjustment committee held a hearing on the charge and found Coleman guilty of filing a frivolous lawsuit. *Id*. at Ex. Y. It then recommended the revocation of six months of good-time credit pursuant to 730 ILCS § 5/3-6-3(d), which provides that if a prisoner files a lawsuit "against the State, the Department of Corrections, or the Prisoner Review Board, or against any of their officers or employees" and a court deems the suit frivolous, the Department of Corrections may revoke up to 180 days of good-time credit. *Id*.

On July 25, 2007, the Prisoner Review Board approved the recommended revocation. *Id*. at Ex. Z. Coleman filed a grievance challenging the revocation but the grievance officer recommended that the grievance be denied. The chief administrative officer concurred. *Id*. at

Ex. BB. Coleman then appealed to the director of the Illinois Department of Corrections. On November 29, 2007, the director also concurred with the denial of the grievance. *Id*. at Ex. CC. Coleman does not challenge the respondent's assertion that he did not file a mandamus petition in the Circuit Court of Perry County (the county where he is incarcerated) or the Circuit Court of Cook County (the county where he was convicted) attacking the loss of good-time credits.

**II.     Discussion**

In his amended habeas petition and reply, Coleman raises three claims: (1) misconduct and errors in the 2007 state post-conviction case violated his constitutional rights; (2) the Department of Corrections improperly used the state court's characterization of his 2007 state post-conviction petition as frivolous to revoke good-time credits under § 5/3-6-3(d) because the version of § 5/3-6-3(d) then in effect provided that post-conviction petitions were outside the statute's ambit; and (3) this court should revisit "the judgment of the state court which determined his relief from judgment petition frivolous" under § 5/3-6-3(d). Dkt. 22 at 5. These claims are all unavailing.

The court lacks jurisdiction over Coleman's first claim as the Seventh Circuit did not grant permission to pursue it. *See* 28 U.S.C. § 2244(b)(3). With respect to Coleman's argument that his state post-conviction petition was not subject to § 5/3-6-3(d), as a general rule, a one-year statute of limitations applies to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). The Seventh Circuit has held that the one-year limitations period does not apply to federal challenges to prison disciplinary proceedings as it is "limited to persons 'in custody pursuant to the judgment of a State court,' and a prison disciplinary board is not a court." *Cox v. McBride*, 279 F.3d 492,

493 (7th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)). Thus, Coleman's challenge to the revocation of good-time credits is timely even though it is based on 2007 events.

Coleman is not out of the woods, however, as a federal court may not grant habeas relief unless a petitioner has exhausted his claims by properly presenting them in state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). If a petitioner fails to do so and the time for presenting the claims has passed, the claims are procedurally defaulted and cannot serve as the basis for federal habeas relief. *Boerckel*, 526 U.S. at 848.

The exhaustion requirement applies to § 2254 petitions challenging the revocation of good-time credits. *See McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001) ("State prisoners challenging the deprivation of good-time credits by way of a habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973)). To exhaust a good-time credit claim, an Illinois prisoner must first exhaust his administrative remedies. *Id*. If unsuccessful, he must then exhaust state court remedies by filing a complaint requesting an order of mandamus with the trial court, appealing an adverse ruling to the Illinois Appellate Court, and seeking permission to pursue a discretionary appeal with the Illinois Supreme Court. *See id*.

Coleman concedes that he did not file a complaint seeking an order of mandamus. He argues this remedy was unavailable because after his good-time credits were revoked, he pursued administrative remedies and appealed the denial of state post-conviction relief. According to Coleman, he could not simultaneously seek an order of mandamus. As discussed above, to exhaust his good-time credit claim, Coleman was required to seek an order of mandamus and

-4-

then file a full round of state court appeals. The failure to do so means he did not exhaust his state court remedies.

Coleman's prison disciplinary proceedings concluded in November of 2007 when the director of the Illinois Department of Corrections concurred with the grievance officer's recommendation to deny relief. More than five years have passed since then. This is problematic for Coleman, as under the doctrine of laches, the filing of a mandamus complaint more than six months after the conclusion of prison disciplinary proceedings is generally improper. *See, e.g.*, *Washington v. Walker*, 391 Ill.App.3d 459, 463-64 (4th Dist. 2009). Thus, it is too late for him to seek the issuance of an order of mandamus in state court. This means he has procedurally defaulted his § 5/3-6-3(d) challenge to the revocation of good-time credits.

Coleman's final claim is that this court should reject "the judgment of the state court which determined his relief from judgment petition frivolous" under § 5/3-6-3(d). Dkt. 22 at 5. The Seventh Circuit gave Coleman permission to challenge the Prison Review Board's decision to revoke good-time credits. To the extent Coleman seeks to challenge the state court's order characterizing his petition as frivolous, this court lacks jurisdiction. *See* 28 U.S.C. § 2244(b)(3). In any event, the court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coleman is "in custody" as a result of his 1987 conviction, not the 2007 prison disciplinary proceedings. Moreover, a claim based on an alleged misapplication of a state statute is not cognizable in federal habeas proceedings as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 131

S.Ct. 13, 16 (2010), *quoting Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Accordingly, Coleman's final claim is meritless.

## III.     Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which provides that the district court must issue or deny a certificate of appealability when it enters "a final order adverse to the applicant," the court turns to whether a certificate of appealability should issue. Under 28 U.S.C. § 2253(c)(2), "(1) [a] certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal; (2) [t]he certificate must identify each substantial constitutional question; (3) [i]f there is a substantial constitutional issue, and an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well; (4) [a]ny substantial non-constitutional issue must be identified specifically in the certificate; [and] (5) [i]f success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

For the reasons stated in this order, the court finds that Coleman has not made a substantial showing of the denial of a constitutional right as he has not demonstrated "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional rights that he deserves encouragement to proceed further." *Rutledge v. United*

*States*, 230 F.3d 1041, 1047 (7th Cir. 2000). Accordingly, the court declines to issue a certificate of appealability.

**IV. Conclusion**

*Pro se* prisoners frequently fail to satisfy § 2254's stringent procedural requirements. Nevertheless, "limited resources" and "the lack of legal expertise" do not excuse them from complying with the complex rules governing habeas proceedings. *See, e.g., Tucker v. Kingston*, 538 F.3d 732, 734–35 (7th Cir. 2008). Accordingly, for the above reasons, Coleman's request for a writ of habeas corpus under 28 U.S.C. § 2254 is denied as the court lacks jurisdiction over his first claim and the remaining two claims fail on the merits. The court declines to certify any issues for appeal under 28 U.S.C. § 2253(c). The clerk is directed to substitute Donald Gaetz as the respondent and enter a Rule 58 judgment terminating this case.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: March 18, 2013